No. 10,995.

GALLIGAN *v*. BUA.

Decided June 1, 1925.

Action on contract for attorney fees. Judgment for defendant.

*Affirmed.*

1. PLEADING—*Contract*. A complaint in an action on contract which does not allege performance by plaintiff, is deficient.

2. APPEAL AND ERROR—*Pleading—Harmless Error*. A defective complaint held cured by answer, and not prejudicial, verdict being for defendant.

3. ATTORNEY AND CLIENT—*Contingent Fee—Contract Construed*. An agreement with an attorney for a contingent fee, such as the one under consideration, is not to be regarded as an unqualified unilateral agreement. It is bilateral and presupposes something to be done in the future by both sides.

4. APPEAL AND ERROR—*Instructions—Objections*. In the absence of a compliance with the provisions of rule 7 of the Supreme Court, objections to instructions will not be considered on review.

5. INSTRUCTIONS—*Requests*. Requested instructions which are erroneous or which are covered by other instructions given by the court, are properly refused.

6. ATTORNEY AND CLIENT—*Fees—Action.* A plaintiff attorney who limits his recovery in an action for fees to an express contract, cannot recover on quantum meruit.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. J. H. VOORHEES, Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. JOHN A. MARTIN, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE plaintiff in error will be hereafter referred to as plaintiff, and defendant in error as defendant, which was their position in the court below.

Plaintiff brought suit against defendant on the following written agreement:

    "Pueblo, Colorado, Sept. 19th, 1913.
For and in consideration of advice given and services rendered and to be rendered by M. J. Galligan in the matter of my claim against The Colorado Fuel and Iron Company, for the death of my husband, I do hereby agree to give said Galligan one-third of whatever may be obtained in any way whatsoever, with or without suit.
    Antonina Bua.
Witness, Atanasio Correnti."

Plaintiff's further allegations are to the effect that after the defendant executed the above agreement, she obtained a settlement of her claim against the above company; that he demanded his fee of her, which was refused, and that it is due and unpaid.

Defendant answered, admitting that she signed the agreement and had collected the money, though in a less amount than stated by plaintiff, but interposed several defenses, among them: Nonperformance of plaintiff's part

of the contract; that it was unconscionable; that plaintiff did not contribute to nor assist in the collection; that because of his lack of diligence in prosecuting the claim and in not obtaining a settlement for her or bringing suit, she placed it in the hands of another attorney, who filed suit for damages against the company and obtained a settlement. A review of other defenses raised in the answer, some of which were stricken on plaintiff's motion, is not necessary to this opinion.

The jury rendered a verdict for defendant and judgment was entered accordingly. Plaintiff brings error.

1. Plaintiff did not plead performance of the agreement on his part, nor excuse for nonperformance. We think defendant is right that the complaint was deficient in this respect, but the defect was cured by the answer and it is apparent from the verdict that the defendant was not hurt by the omission.

2. An agreement with an attorney for a contingent fee, such as the above instrument, is not to be regarded in the nature of, nor analogous to an unconditional promissory note, nor as an agreement payable unqualifiedly upon the happening of a certain contingency. Although signed by only one person, when plaintiff accepted it, it became a bilateral, not a unilateral contract. It presupposed something to be done in the future by both sides; it was given not only for services rendered, but also for those to be rendered, hence the necessity for testimony on this point, and particularly with reference to plaintiff's observance of his obligations under it as defendant's attorney.

3. Plaintiff objects to the nature of many questions propounded to him by defendant's counsel while plaintiff was on the witness stand, but plaintiff, who is an attorney, answered them in the main without objection. As to such as were objected to and as to testimony offered by plaintiff and refused, we find no reversible error.

4. Plaintiff assigns error on instructions to the jury. When the case was tried, rule 7 of this court was in effect, as now, which reads as follows: "Counsel shall present to

the trial court, at or prior to the close of the evidence, such instructions as they may desire. The court shall afford respective counsel a reasonable time and opportunity to examine proposed instructions, whether requested, or to be given by the court of its own motion, and to prepare and present specific objections thereto before such instructions are given to the jury. On motion for new trial, or on review by the supreme court, only the grounds so specified shall be considered".

The instructions are fourteen in number. They contain, first, a fair statement of the respective contentions of both plaintiff and defendant, and, among other things, conventional instructions usual in all jury cases, such as matters concerning the burden of proof, the credibility of witnesses, the effect of any witness knowingly and wrongfully testifying falsely as to any material fact, that the instructions are to be read and considered as a whole and not separately, etc.

Plaintiff did not comply with the rule. It does not appear from the record that there were any specific objections or any objections whatsoever presented before the instructions were given to the jury. It appears that after the court instructed the jury, the plaintiff made one general, sweeping, omnibus exception to "each and all" of the instructions, without pointing out or specifying any specific objection to any particular instruction. If plaintiff had complied with the rule by preparing and presenting specific objections before the instructions were given to the jury, the trial court would have had an opportunity to correct the error, if there had been any. We shall follow the above rule that only the grounds so specified shall be considered. No grounds having been specified, there is nothing now for us to consider in such objections, although specifically pointed out to this court, but not to the trial court.

5. Two instructions were requested by plaintiff, the first for a directed verdict, the second, the essential parts of which relate to the burden of proof, which was covered

by another instruction. They were both properly refused.

6. Plaintiff initiated, pleaded and tried his case on the theory of an express contract in its entirety. It was all, or nothing. The court so instructed the jury and could not have properly done otherwise under the circumstances. The complaint contained no quantum meruit count, so plaintiff's recovery, if at all, was limited to the agreement itself and no recovery could be predicated on the value of the services.

There being no reversible error, the judgment will be affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.